Filed 1/4/23  Richard P. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RICHARD P.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF TULARE COUNTY,<br><br>Respondent;<br><br>TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Real Party in Interest. | F085186<br><br>(Super. Ct. Nos. JJV073394A, JJV073394B)<br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Glade F. Roper, Judge.  (Retired judge of the Tulare County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Richard P., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

---

[*]     Before Levy, Acting P. J., Peña, J. and Snauffer, J.

-ooOoo-

At a contested 18-month review hearing (Welf. & Inst. Code, 366.22, subd. (a))[1] in October 2022, the juvenile court terminated reunification services for D.V., the mother of Richard P.'s minor daughters, then seven-year-old T.P. and six-year-old R.P., and set a section 366.26 hearing for February 9, 2023. Richard's reunification services were terminated at the six-month review hearing in November 2021.

In this extraordinary writ petition (Cal. Rules of Court, rules 8.450−8.452),[2] Richard (father) seeks an order placing the children in his custody or in the custody of his mother. He does not allege, however, that the juvenile court's order setting a section 366.26 hearing was error. Consequently, we conclude his writ petition fails to comply with the content requirements of rule 8.450 and dismiss the petition as facially inadequate for review.

## PROCEDURAL AND FACTUAL SUMMARY

On March 6, 2021, a social worker with the Tulare County Health and Human Services Agency (agency) responded to the scene of an arrest. Mother was pulled over during an early morning traffic stop and arrested after she was found to be under the influence of methamphetamines, and in possession of drugs, drug paraphernalia and a loaded gun. Her then 20-month-old daughter, H.G., and a male passenger were in the car.

Mother reported that she and H.G.'s father, Frank G., engaged in a domestic violence dispute earlier that day. She said he " 'beat her up' " and left bruises and bumps on her body and caused her nose to bleed. They fought because he accused her of stealing money from him. Then five-year-old T.P. and four-year-old R.P. were with father.

---

[1]     Statutory references are to the Welfare and Institutions Code.

[2]     Rule references are to the California Rules of Court.

Frank denied engaging in a physical altercation with mother, despite having scratches on his face covered with bandages. He also denied using any form of controlled substances but was disheveled and could not stay on topic. He had an extensive criminal history that included a recent charge of corporal injury on a spouse and an outstanding warrant for his arrest.

Father also had recent criminal charges for possession of a controlled substance for sale and had a warrant for his arrest. He also had a child welfare history in Minnesota where two of his children were removed from his custody and placed for adoption.

The agency took the children into protective custody and placed them in foster care. The juvenile court sustained allegations they were children described under section 300, subdivision (b), removed them from parental custody and ordered the agency to provide the parents reunification services. Father's services plan required him to complete a parenting education program and alcohol and other drug (AOD) assessment and participate in random drug testing. The six-month review hearing was set for November 4, 2021.

In March 2021, the children were placed with father's mother, Anna B.

At the six-month review hearing on November 4, 2021, the juvenile court placed the children in mother's custody with family maintenance services, terminated reunification services for father and Frank and set a family maintenance review hearing for April 21, 2022. Mother's family maintenance plan required her to prevent Frank from having contact with the children and overseeing the children's medical and counseling services.

In January 2022, the agency removed the children from mother's custody and filed a supplemental petition (§ 387), alleging family maintenance had proven ineffective because she allowed Frank to reside in her home and expose the children to domestic violence and neglected to take them to their counseling appointments and pick up their medication. The children were placed with Anna.

The juvenile court sustained the allegations in the supplemental petition at a hearing on April 14, 2022, ordered reunification services for mother and Frank, vacated the family maintenance review hearing set for April 21, 2022, and set an 18-month review hearing for September 1, 2022. The agency removed the children from Anna because she was interfering with reunification and placed them with a maternal relative who was willing to assume a legal guardianship if the parents failed to reunify. Anna objected to the children's removal and filed a grievance, which was denied in late April 2022.

In its report for the 18-month review hearing, the agency recommended the juvenile court terminate mother and Frank's reunification services and set a section 366.26 hearing. Mother and Frank continued to engage in domestic violence and their drug tests showed traces of amphetamine. Mother regularly visited the children, but father last visited T.P. and R.P. in April 2022 and did not inquire about their well-being. Frank last visited H.G. in June 2022.

The 18-month review hearing was conducted as a contested hearing on October 13, 2022. Father did not personally appear but was represented by counsel. Counsel presented their positions by argument only. The juvenile court adopted the agency's recommendations, terminated reunification services and set a section 366.26 hearing.

## DISCUSSION

" 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

When the juvenile court sets a hearing under section 366.26, it must first make certain findings and orders. A parent wishing to challenge the court's findings and orders must do so by filing an extraordinary writ petition. The purpose of the extraordinary writ

petition is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's orders and findings issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).) However, a parent filing an extraordinary writ petition must explain how the juvenile court was wrong in ruling as it did; in other words, how the court erred.

Rule 8.452, which sets forth the content requirements for an extraordinary writ petition, requires the petitioner to identify the error(s) he or she believes the juvenile court made and to support each alleged error with argument, citation to legal authority, and citation to the appellate record. (Rule 8.452(b).) In keeping with rule 8.452(a)(1), we will liberally construe a writ petition in favor of its adequacy where possible, recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and the reviewing court need not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Here, father completed the portions of the preprinted Judicial Council form "Petition for Extraordinary Writ" (JV-825) identifying T.P. and R.P. as the subjects of the petition and indicating by checking the appropriate boxes that he wants this court to vacate the order setting the section 366.26 hearing and place the children with Anna. Under the section of the form designated for providing a summary of the factual basis for the petition, father asserts he does not know who his appointed counsel is or how to contact him. He is willing to do whatever is necessary to regain custody of his daughters and believes they need to be placed with him.

By the time a dependency case reaches the 18-month review hearing, as occurred here, the juvenile court has had multiple opportunities to assess the parents' progress with reunification efforts and the feasibility of returning the children to parental custody. If the court determines the children cannot be safely placed in parental custody, it has no

choice but to terminate reunification efforts and set a section 366.26 hearing. (§ 366.22, subd. (a)(3).)

Here, the case reached the 18-month mark only because mother was making sufficient progress to warrant continuing reunification efforts. Father's services were terminated at the six-month review hearing in November 2021 because he was noncompliant. Having concluded it would be detrimental to return the children to mother's custody, the court's only option was to set a section 366.26 hearing to select a permanent plan, in this case legal guardianship. Although father seeks an extraordinary writ vacating the section 366.26 hearing, he does not assert that the order setting the hearing was error. Consequently, his writ petition is inadequate for review and requires dismissal.

With regard to placement, father is essentially asking this court to order the children removed from their maternal relative and placed either with him or with Anna. However, because a change in placement must be raised in the juvenile court, this court cannot grant father the relief he seeks. Further, it is not as though the agency did not attempt to place the children with Anna. The record reflects that Anna *had* placement of the children until she interfered with mother's ability to reunify. In addition, Anna filed a grievance to prevent the children's removal from her custody, which was denied. In any event, placement is a matter for the juvenile court's consideration.

In sum, we conclude father's failure to allege juvenile court error renders his writ petition inadequate for review under rule 8.452 and warrants dismissal.

## DISPOSITION

The petition for extraordinary writ is dismissed as inadequate under rule 8.452. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).

6.